NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

10-1071

STATE OF LOUISIANA

VERSUS

HEATH M. WIGGINS

**********
APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT,
PARISH OF IBERIA, NO. 10-29
HONORABLE GERARD B. WATTIGNY, DISTRICT JUDGE

**********

J. DAVID PAINTER
JUDGE

**********

Court composed of Billy Howard Ezell, J. David Painter, and James T. Genovese, Judges.

CONVICTION AND SENTENCE AFFIRMED.
MOTION TO WITHDRAW GRANTED.

J. Phil Haney, District Attorney
Sixteenth Judicial District
300 Iberia Street, Suite 200
New Iberia, LA 70560
Counsel for Appellee:
    State of Louisiana

G. Paul Marx, Attorney at Law
Louisiana Appellate Project
P.O. Box 82389
Lafayette, LA 70598-2389
Counsel for Defendant/Appellant:
    Heath M. Wiggins

**PAINTER, Judge.**

Defendant, Heath M. Wiggins, appeals the sentence imposed upon him after he plead guilty to third offense driving while intoxicated, a violation of La.R.S. 14:98. For the following reasons, we affirm Defendant's conviction and sentence and grant appellate counsel's motion to withdraw.

## FACTUAL AND PROCEDURAL BACKGROUND

The Iberia Parish District Attorney filed a bill of information on January 13, 2010, charging Defendant with one count of fourth offense driving while intoxicated, one count of driving under suspension, one count of careless operation, and one count of having no proof of motor vehicle insurance. All of these charges arose from events occurring on October 17, 2009. On February 18, 2010, Defendant entered into a plea agreement and pled guilty to third offense DWI, in violation of La.R.S. 14:98. Pursuant to the plea bargain, Defendant agreed to plead guilty to third offense DWI in exchange for the court ordering a certified criminal history before sentencing plus the State's agreement to dismiss the remaining charges and to not prosecute Defendant as a habitual offender.

The State set forth the following factual basis for Defendant's guilty plea:

> [O]n or about the date alleged in the Bill of Information [October 17, 2009], Mr. Heath Wiggins was involved in a two[-]vehicle accident with injuries at the corner of West Admiral Doyle and Pullen Avenue. Mr. Wiggins, upon contact by Deputy Cory Broussard, appeared to be noticeably intoxicated. An odor of alcohol was present as Mr. Wiggins spoke. Mr. Wiggins did submit to only the horizontal gaze nystagmus test which he did give off proof for intoxication. He did refuse the walk-and-turn. He did refuse the one-leg stand. He did refuse to submit a proper breath sample when asked to do so. Upon questioning after his Miranda rights were read to him, he did admit to consuming three beers prior to operating the motor vehicle. The injuries sustained [were] only by Sheena Wiggins who was a passenger on the motorcycle that Mr. Heath Wiggins was operating. It's my understanding that she is here present in court. She has not requested any type of restitution as of today. Specifically[,] the vehicle that Mr. Wiggins was operating was a Honda motorcycle, 1997, red in color, bearing license plate number MC274464. The VIN number is [sic] JH2RC4332VM201613. And, of course, this is having been previously convicted of two or more DWIs, specifically on September 12, 2007[,] in the Parish of Iberia[,] under Docket No. 07-983, also on or about October 10, 2001[,] in the Parish of Lafayette[,] under Docket No. 00-0924.

1

On March 10, 2010, the sentencing court ordered Defendant to serve five years at hard labor with credit for time served. Defendant filed a timely motion to reconsider his sentence without alleging any error or excessiveness in the sentence imposed, and the district court denied reconsideration without conducting a hearing.

Defendant now appeals.

## DISCUSSION

### *Errors Patent*

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we find that there is one error patent in that the trial court failed to impose the mandatory fine of two thousand dollars required by La.R.S. 14:98(D)(1)(a). This rendered Defendant's sentence illegally lenient. However, this court will take no action regarding the illegally lenient sentence as it has not been raised as error.

### *Anders Review*

Pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396 (1967) and *State v. Jyles*, 96-2669 (La. 12/12/97), 704 So.2d 241, Defendant's appellate counsel filed a brief stating he "has made a conscientious and thorough review of the trial court record and can find no non-frivolous issues to raise on appeal and no rulings of the trial court which would arguable support the appeal." Defendant's appellate attorney states that he has notified Defendant of the filing of the brief and his right to file a *pro se* brief. Based on these factors, Defendant's counsel seeks to withdraw.

In *State v. Benjamin*, 573 So.2d 528 (La.App. 4 Cir. 1990), the fourth circuit explained the *Anders* analysis:

> When appointed counsel has filed a brief indicating that no non-frivolous issues and no ruling arguably supporting an appeal were found after a conscientious review of the record, *Anders* requires that counsel move to withdraw. This motion will not be acted on until this court performs a thorough independent review of the record after providing the appellant an opportunity to file a brief in his or her own behalf. This court's review of the record will consist of (1) a review of the bill of information or indictment to insure the defendant was properly charged; (2) a review of all minute entries to insure the defendant was present at all crucial stages of the proceedings, the jury composition and verdict were correct and the sentence is legal; (3) a

2

> review of all pleadings in the record; (4) a review of the jury sheets; and (5) a review of all transcripts to determine if any ruling provides an arguable basis for appeal. Under C.Cr.P. art. 914.1(D) this Court will order that the appeal record be supplemented with pleadings, minute entries and transcripts when the record filed in this Court is not sufficient to perform this review.

*Id.* at 531.

Pursuant to *Anders* and *Benjamin*, this court has performed a thorough review of the record, including pleadings, minute entries, the charging instrument, and the transcripts and has confirmed the statements by counsel. As Defendant entered a guilty plea, any problems with the bill of information were waived. *See State v. Crosby*, 338 So.2d 584 (La.1976). Defendant was present and represented by counsel at all crucial stages of the proceedings and entered a free and voluntary guilty plea after properly being advised of his rights in accordance with *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709 (1969). Defendant's term of imprisonment complies with the statutory sentencing range, and Defendant received a significant benefit from the plea bargain in that the State dismissed the charges of driving under suspension, careless operation, and no proof of insurance, and agreed not to prosecute Defendant as a habitual offender. Defendant filed a motion to reconsider sentence; however, it did not contain any allegations of error.

We have found no issues which would support an assignment of error on appeal. Therefore, counsel's motion to withdraw is granted.

## DECREE

For all of the foregoing reasons, Defendant's convictions and sentences are affirmed. Appellate counsel's motion to withdraw is hereby granted.

**CONVICTION AND SENTENCE AFFIRMED. MOTION TO WITHDRAW GRANTED.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Uniform Rules—Courts of Appeal, Rule 2–16.3.

3

STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

10-1071

STATE OF LOUISIANA

    Appellee

VERSUS

HEATH M. WIGGINS

    Defendant-Appellant

On Appeal from the Sixteenth Judicial District Court, Docket Number 10-29, Parish of Iberia, State of Louisiana, Honorable Gerard B. Wattigny, District Judge.

## **O R D E R**

After consideration of appellate counsel's request to withdraw as counsel and the appeal presently pending in the above-captioned matter,

IT IS HEREBY ORDERED that appellate counsel's motion to withdraw is granted.

THUS DONE AND SIGNED this _____ day of _____, 2011.

COURT OF APPEAL, THIRD CIRCUIT

_____
Judge Billy H. Ezell

_____
Judge J. David Painter

_____
Judge James T. Genovese